**FILED**

JUL 1 4 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MICHAEL HOLMES        *
180 N Westview Drive       *
Vail, Arizona 85641        *
             *
  and           *
             *
LAURAL LEVINE        *
6022 Black Berry Lane       *
Dallas, Texas 75248

  Plaintiff

  v.

UNITED STATES ARMY       *
CENTRAL COMMAND       *
1881 Hardee Avenue, SW      *
Ft. McPherson, Georgia 30330     *
             *
  and           *
             *
DEPARTMENT OF ARMY      *
Washington, D.C. 20310-0104      *
             *
  Defendants         *
             *

  *   *   *   *   *   *   *   *   *   *   *   *

Case: 1:11-cv-01283
Assigned To : Kennedy, Henry H.
Assign. Date : 7/14/2011
Description: FOIA/Privacy Act

### COMPLAINT

  Plaintiffs Michael Holmes and Laural Levine bring this action under the Privacy Act,

5 U.S.C. § 552a, et seq., as amended, and the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, et seq., as amended, for the public disclosure of all records pertaining to

an Army Regulation 15-6 investigation conducted by Lt. General William Webster that

arose from a *Rolling Stone* article published February 23, 2011, concerning allegations

that Lt. General William Caldwell conducted psychological operations (otherwise known

as "psy-ops") on members of Congress during visits to Afghanistan. The investigation



RECEIVED
Mail Room

JUL    2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

also covered allegations of whistleblower retaliation conducted against the plaintiffs for
challenging unlawful orders.

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal
jurisdiction over the defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(1)(D)
and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5) and
28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Michael Holmes is a National Guard Information Operations Officer who
was mobilized from November 5, 2009 to January 6, 2011. He deployed to Afghanistan
to support the NATO Training Mission as part of Operation Enduring Freedom. Prior to
this time, he served for twenty-four years of combined reserve and active duty in a
variety of Intelligence and Operations assignments, to include tours in Iraq and the
Balkans. This case is being brought in his civilian capacity and the above information is
for identification purposes only.

4.   Plaintiff Laural Levine is a National Guard Information Operations Officer who
was mobilized from November 5, 2009 to January 6, 2011. She deployed to Afghanistan
to support the NATO Training Mission as part of Operation Enduring Freedom. Prior to
this time, she served for fifteen years of combined reserve and active duty in a variety of
combat arms, training and information operations assignments, to include tours in Saudi

Arabia and Kuwait. This case is being brought in her civilian capacity and the above information is for identification purposes only.

5.  Defendant United States Army Central Command ("ARCENT") is a subentity of the defendant Department of Army and is an agency within the meaning of 5 U.S.C. §§ 552(e) and 552a(a)(1), and is in possession and/or control of the records requested by the plaintiffs which are the subject of this action.

5.  Defendant Department of Army ("Army") is an agency within the meaning of 5 U.S.C. §§ 552(e) and 552a(a)(1), and is in control of the records requested by the plaintiffs which are the subject of this action.

## FACTUAL BACKGROUND

6.  On February 23, 2011, *Rolling Stones* magazine published an article alleging that the U.S. Army illegally ordered a team of soldiers specializing in "psychological operations" to "manipulate visiting American senators into providing more troops and funding for the war … and when an officer tried to stop the operation, he was railroaded by military investigators." The article received widespread attention and can be read at *http://www.rollingstone.com/politics/news/another-runaway-general-army-deploys-psy-ops-on-u-s-senators-20110223?page=1.*

7.  General David Petraeus, then commander of U.S. Forces in Afghanistan, ordered an investigation into whether Lt. General William Caldwell, a three-star general in charge of training Afghan troops, had conducted psychological operations on members of Congress and all related matters.

8.  Lt. General William Webster, then ARCENT Commander, was appointed to lead the investigation.

3

9.   The investigative report was completed and sent to General Petraeus in April 2011.

## COUNT ONE
## (FREEDOM OF INFORMATION/PRIVACY ACT)

10. By e-mail dated April 25, 2011, the plaintiffs, through counsel, requested all records relating to the Army Regulation 15-6 investigation conducted by Lt. General William Webster that arose from the *Rolling Stone* article published February 23, 2011, concerning allegations that Lt. General William Caldwell conducted psy-ops on members of Congress.

11. By letter dated May 18, 20011 the defendant Army's FOIA/PA Office acknowledged that receipt of the plaintiffs' request had occurred on April 26, 2011, and referred the request to defendant USARCENT for processing.

12. To the best of the plaintiffs' knowledge, no further responses have been received from the defendants.

13. The plaintiffs have constructively exhausted all required administrative remedies with respect to their request dated April 25, 2011.

14. The plaintiffs have a legal right under the FOIA and the Privacy Act to obtain the information they seek, and there is no legal basis for the denial by the defendants of said right.

WHEREFORE, plaintiffs Holmes and Levine pray that this Court:

(1) Orders the defendants to disclose the requested records in their entireties and make electronic copies promptly available to them;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a);

(4) grant such other relief as the Court may deem just and proper.

Date:   July 14, 2011

Respectfully submitted,

Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com

Attorney for Plaintiff

5